## KETCHUM et al., *Appellants*, v. STEARNS.

Will: SUIT TO SET ASIDE: EVIDENCE. In a suit to set aside a will executed in 1866, on the ground of undue influence exerted on the testator by his wife, evidence was offered tending to show that prior to their marriage in 1855 she had such influence, but there was no offer to show that it continued down to 1866; *Held,* that it was too remote and was properly rejected.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Marshall & Barclay* for appellants.

*Cline, Jamison & Day* for respondent.

NORTON, J.—This cause is in this court on the appeal of plaintiffs from the judgment of the St. Louis court of appeals affirming the judgment of the circuit court of the city of St. Louis, rendered in a proceeding instituted by

plaintiffs, contesting the validity of the will of Solomon P. Ketchum, on the ground that he had not sufficient mental capacity to make a will, and the further ground that said will was procured to be made by the undue influence of his wife, S. Maria Ketchum.

After a careful examination of the record, we have reached the same conclusion announced by the St. Louis court of appeals in its opinion reported in 8 Mo. App. 66. We find no evidence tending to establish that the will in controversy was procured to be executed by the undue influence of the wife, or that she at any time had such influence over him, and the court did not err in so instructing the jury. The evidence as to the mental incapacity of the testator to dispose of his property, was all one way, and that question was fairly submitted to the jury in the instruction given by the court.

The evidence showed that testator married said Maria in 1855, executed the will in dispute in 1866, and died in 1877. The evidence offered as to the relations existing between said testator and said Maria before the marriage in 1855, was too remote to show that she exercised an undue influence over him in 1866, especially as there was no offer to show that the influence she may have then had, if any, was continued down to the time of the execution of the will, and the evidence was for this, if for no other reason, properly rejected.

All the questions to which our attention has been called touching the action of the trial court in giving and refusing instructions, and in admitting and rejecting evidence, are disposed of in the opinion of the court of appeals hereinbefore referred to in a satisfactory manner, and we, therefore, affirm the judgment, in which all concur.